# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

TATIANA MILLAN,                                  CASE NO.:

    Plaintiff,

v.

ARP-8717 INTERNATIONAL, LLC D/B/A
MIA'S ITALIAN KITCHEN

A Florida Limited Liability Company,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL WITH DECLARATORY AND INJUNCTIVE RELIEF REQUESTED

Plaintiff, TATIANA MILLAN ("Ms. Millan" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), to recover from Defendant, ARP-8717 INTERNATIONAL, LLC D/B/A MIA'S ITALIAN KITCHEN ("ARP" or "Defendant") back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND PARTIES

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, et seq.

2. At all times relevant hereto, Plaintiff was an employee of Defendant and worked in Orange County, Florida.

3. Defendant is a Florida limited liability company that provides restaurant services in, among others, Orange County, Florida.

4. At all times relevant hereto, Defendant was an employer as defined by the FCRA, as it employed in excess of fifteen (15) or more employees.

5. Plaintiff is a disabled female. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA because:

    (a) Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    (b) Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability," and request for accommodations.

6. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting

commerce that employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

7. At all times relevant hereto, Plaintiff worked at a location where the Defendant employed 50 or more employees within 75 miles.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## CONDITIONS PRECEDENT

9. On or around August 25, 2021, Plaintiff dual filed a Charge of Discrimination with the EEOC and FCHR alleging disability discrimination and retaliation against Defendant.

10. More than 180 days have passed since Plaintiff dual filed her Charge of Discrimination, and her FCRA claims are now ripe to be filed with this Court.

11. Plaintiff timely files this action.

## FACTUAL ALLEGATIONS

12. Plaintiff worked for the Defendant from November 20, 2019, until July 24, 2021.

13. Ms. Millan had previously worked for ARP for a number of years.

14. At the time of her termination, Plaintiff was employed as an Executive Chef.

15. For years, Plaintiff has suffered from disabling serious health conditions and disabilities, specifically post-traumatic stress disorder ("PTSD") and depression.

16. On July 15, 2021, a fight broke out in Ms. Millan's presence between one of ARP's dishwashers and one of ARP's cooks, with the former threatened the latter with a knife.

17. The altercation continued until ARP Cook, Vince (a United States Army Veteran), separated the combatants.

18. This dangerous melee at ARP triggered Plaintiff's disabilities and serious health conditions.

19. On July 22, 2021, Ms. Millan therefore informed her ARP Human Resources Director and inquired about the availability of leave in order to treat and address her disabilities and serious health conditions.

20. ARP's Human Resources Director explained that Ms. Millan had accrued a week of paid time off, and that unpaid protected FMLA leave was also available to her.

21. Ms. Millan also informed her ARP General Manager, Stuart Styler, and her ARP Director of Culinary Operations, Santiago Lopez ("Mr. Lopez"), that

she suffered from disabilities and serious health conditions and that she would avail herself of a period of continuous unpaid FMLA leave in order to treat and address same, commencing on July 23, 2021.

22. The very next day, July 24, 2021, ARP Manager, Alexander Farley, who works at another ARP property in the Orlando, Florida area, Café Tu Tu Tango, called Ms. Millan on the phone.

23. Café Tu Tu Tango's new Executive Chef, Shaun Smith, was also on the call.

24. At this point, ARP informed Ms. Millan that it had decided to terminate her employment, effective immediately.

25. Surprised, Ms. Millan stated that she had informed Mr. Lopez about her protected medical/disability leave.

26. In response, Mr. Farley stated that it had been Mr. Lopez who made the decision to terminate Ms. Millan's employment.

27. ARP very obviously terminated Ms. Millan's employment in retaliation for her suffering a disability, for requesting reasonable accommodation for same, for suffering a serious health condition, and for requiring unpaid leave pursuant to the FMLA in order to treat and address the condition.

28. Any other "reason" theorized by ARP for its termination of Ms. Millan's employment is pure pretext.

29. The timing of Plaintiff's termination makes the causal connection between her use/attempted use of FMLA leave, her request for reasonable accommodation under the FCRA, and her termination sufficiently clear.

30. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

31. Ms. Millan is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of her job as Executive Chef.

32. Allowing Ms. Millan to utilize a period of unpaid leave without penalty or negative repercussions, such as termination, would have been a reasonable accommodation.

33. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the FCRA.

34. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the FCRA.

35. Defendant was aware of Plaintiff's FCRA-protected disability and need for accommodation.

36. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking time off work to seek treatment, and for requesting reasonable accommodation.

37. In short, despite the availability of reasonable accommodation under the FCRA, Defendant discriminated against Ms. Millan based solely upon her disability.

38. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

39. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

40. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

41. Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

42. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the FCRA.

43. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is protected class member as envisioned by the FCRA.

44. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

45. Defendant interfered with Plaintiff's FMLA rights by causing her to not avail herself to benefits she needed to use and was otherwise entitled to.

46. Defendant also retaliated against Plaintiff for attempting to utilize and/or utilizing FMLA leave.

47. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

48. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Millan notifying ARP of her serious health condition, and in retaliation for Ms. Millan utilizing unpaid leave pursuant to the FMLA in order to treat and address same.

49. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her use and/or attempted utilization of what should have been protected FMLA leave.

50. Defendant's actions are the exact type of unfair and retaliatory employment practices the FCRA and FMLA were intended to prevent.

51. Defendant did not have a good faith basis for its actions, and Plaintiff, is therefore entitled to liquidated damages.

52. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

53. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

54. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

55. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 3, 6 through 8, 12 through 29, 45 through 54, above.

56. At all times relevant hereto, Plaintiff was protected by the FMLA.

57. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

58. At all times relevant hereto, Defendant interfered with Plaintiff's FMLA rights by failing to restore her to the same or an equivalent position upon her return from FMLA leave.

59. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

60. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

61. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 3, 6 through 8, 12 through 29, 45 through 54, above.

62. At all times relevant hereto, Plaintiff was protected by the FMLA.

63. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

64. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for utilizing what should have been FMLA-protected leave.

10

65. Defendant acted with the intent to retaliate against Plaintiff, due to the extremely close proximity between Plaintiff's use of FMLA leave and his termination.

66. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

67. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

## COUNT III
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 9 through 44, and 50 through 54, above.

69. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

70. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

71. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages

and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

72. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

73. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

74. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV
### RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

75. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 9 through 44, and 50 through 54, above.

76. Plaintiff was terminated within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability.

77. Plaintiff's objection constituted protected activity under the FCRA.

78. Plaintiff was terminated as a direct result of his objection to what he reasonably believed to be disability discrimination.

79. Plaintiff's objection to Defendant's illegal conduct, and his termination, are causally related.

80. Defendant's stated reasons for Plaintiff's termination are a pretext.

81. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

82. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

83. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

84. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

DATED this 26th day of June 2022.

Respectfully Submitted,

**/s/Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:
**noah@floridaovertimelawyer.com**

*Trial Counsel for Plaintiff*